# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>  v.<br><br>P. GALLAGHER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01927-AWI-SKO PC<br><br>Kern County Superior Court<br>Case No. S-1500-cv-272672-WDP<br><br>ORDER REMANDING ACTION TO KERN COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

   Plaintiff Kevin Darnell Bryant is a state prisoner proceeding pro se in this civil action. On November 17, 2011, Defendants Gallagher, Harrington, and the California Department of Corrections and Rehabilitation removed this action from Kern County Superior Court. In their notice of removal, Defendants contend that Plaintiff alleges retaliation in violation of the First Amendment and a violation of his right to access the courts, pursuant to 42 U.S.C. § 1983.

   Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal. Syngenta Crop Protection, Inc. V. Henson, 537 U.S. 28, 32, 123 S.Ct. 366 (2002); Provincial Government of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," Rains v. Criterion

1 Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

Although Plaintiff could have brought this action under section 1983 for violation of his federal constitutional rights, he did not do so. Plaintiff's complaint is devoid of any mention of the United States Constitution, federal constitutional amendments, section 1983, or any other federal basis for relief.[1] While Plaintiff uses the word retaliation and he refers to obstruction of his legal pursuits, those terms alone are insufficient to confer federal jurisdiction in light of the fact that Plaintiff's allegations do not give rise to claims which are redressable exclusively under federal law, in the face of Plaintiff's decision to file suit in state court on a state form complaint, and in the absence of any language referring to federal constitutional rights or section 1983.

The Court finds that Plaintiff has exercised his right to rely exclusively on state law, although the Court expresses no opinion on the viability of those claims. Caterpillar, Inc., 482 U.S. at 392. The Court lacks subject matter jurisdiction over this action and it shall be remanded to Kern County Superior Court.

For the reasons set forth herein, it is HEREBY ORDERED that:

1. This action is REMANDED to Kern County Superior Court for lack of subject matter jurisdiction; and

///

---

[1] In addition to bases cited by Defendants, Plaintiff alleges in one sentence a denial of his rights to due process and equal protection, but the California Constitution provides for those protections as well and no reference is made to the federal constitution.

2. The Clerk of the Court shall serve a copy of this order on Kern County Superior Court.

IT IS SO ORDERED.

Dated:   November 28, 2011

CHIEF UNITED STATES DISTRICT JUDGE